## Arisman v. Somerset County Salary Board.

*Salaries of deputies and clerks—Method of determination—Rights of the public — Rights of the officers — Surcharges—Duties of the county commissioners.*

1. To determine the salaries of the deputies and clerks in the various county offices, the court will take into consideration the nature and character of the services to be performed, the competency, efficiency and industry of the respective employees, the income derived by the county from the offices, and the necessary living expenses of the employees who are serving the public.

2. The public must pay reasonable sums for the services that are rendered them by their servants.

3. It is the duty of the county commissioners to enforce the collection of the surcharges that have been made against public officers in the past.

Appeal from salary board. C. P. Somerset Co., Feb. T., 1924, No. 215.

*Fred W. Biesecker* and *R. R. Scott,* for appellant.

*John S. Miller,* for county commissioners.

BERKEY, P. J.—The Recorder of Deeds filed an appeal in the Court of Common Pleas to the fixing of the salary of the deputy recorder and the clerks in

the office for the Recording of Deeds in and for Somerset County, setting forth specifically that the salary board has fixed as the number of employees in the office of the Recorder of Deeds of said county a deputy recorder, at a salary of $100 per month, and two other clerks, at a salary of $60 per month. This appeal was filed Jan. 28, 1924, and upon said date the court awarded a rule on the salary board to show cause why the prayer of the appellant should not be heard and allowed, whereupon an answer was filed by the salary board on Jan. 31, 1924. The case was called for trial this morning, April 25, 1924, and testimony taken, and it is upon the appeal by the Recorder of Deeds, the answer of the salary board and the testimony taken this day that the case is now being considered by the court.

The act of assembly that largely controls the fees paid by the public for services rendered by the Recorder of Deeds was enacted in 1868, or a period of fifty-six years; there have been additional statutes enacted since that date that referred to certain items in the office of the Recorder of Deeds, but the act upon which the income of the office is most substantially founded is the Act of 1868. The salary board, as well as the court, is confronted with a revenue-producing statute that was intended to meet conditions of compensating officers and their clerks more than an ordinary generation ago, when living expenses and the general expenses of life were but a pittance as compared with the living expenses at this time, and it is because the legislature has not seen fit to make adequate provision for the advancement of public affairs that the officials having to do with this matter are confronted with the condition in this court to-day. The court feels that the best way to remedy a wrong or to get rid of bad legislation and to give the people who labor what they are entitled to, or to give the laborer the fruits of his hire, is to demonstrate to the public and the legislature that it is time that adequate provision may be made so that the public officers may perform their duties without embarrassment. The members of the salary board have testified that the fixing of the salaries of the officers by them this year was an experiment, and that it is the intention of the officers to make such corrections in salaries as the facts and circumstances shall warrant at the end of the year; but this year they have acted thereon and this appeal is before the court and must be disposed of in accordance with the light the court has at this time, and, in disposing of the same, the court does not pretend to be infallible, but we feel that the salaries fixed by the salary board are not adequate and that the public must pay reasonable sums for the services that are rendered to them by their servants, and that the servants must not carry the burden that belongs to the public. In determining the salaries of these various officers, the court takes into consideration the nature and character of the services to be performed, the competency, efficiency and industry of the respective employees, the income derived by the county from the offices, and the necessary living expenses of the employees who are serving the public. The court is of opinion that the salaries we shall fix are only adequate, and that the county will not suffer if the county commissioners will enforce the collection of surcharges that have been made against public officers in the past. We know of but one instance since we have been a member of this bar, being a period of thirty-five years, when surcharges were collected. We feel that if the commissioners will pursue the avenues that are open to them in making the collections that are due the county, the raise of salaries we shall allow will in no wise affect the balance in the treasury at the end of the year. For the reasons that we have set forth in the foregoing opinion, the court fixes the salaries of the deputy and the clerks in the office of the Recorder of Deeds for the year 1924, as of

Arisman *v.* Somerset County Salary Board.

Jan. 28, 1924, the date when this appeal was filed, as follows: Deputy recorder, $150 per month; and two other clerks at a salary of $85 each per month.

We feel that if the court is wrong that the salary board can correct this at the end of the year, but as this is an experiment, and we say that it was well said by the salary board, it is largely an experiment by the court, but we feel that two or three individuals should not bear the burden of that experiment; the burden of it should be borne by the public, and, therefore, the salaries are fixed as indicated.

From C. W. Walker, Somerset, Pa.